# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION
_____

TINA MARIE CLARKE,

    Plaintiff,

v.                                                                         Case No. 18-11880

SHAWN S. BREWER,

    Defendant.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S CIVIL RIGHTS COMPLAINT AND DENYING MOTIONS TO APPOINT COUNSEL AND A GUARDIAN AD LITEM

Plaintiff Tina Marie Clarke—incarcerated at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan—has filed a document entitled "Motion for Appointment of Counsel and Guardian Ad Litem." (Dkt. #1.) The court construes the filing as a civil rights complaint under 42 U.S.C. § 1983 and will dismiss for failure to state a claim upon which relief can be granted. The motion for the appointment of counsel or a guardian ad litem is denied.

## I. BACKGROUND

Plaintiff alleges that she suffers from a Traumatic Brain Injury ("TBI") as a result of an automobile accident years ago. She says that this injury has rendered her mentally incompetent. The Michigan state courts ordered appointment of a guardian ad litem to assist Plaintiff with her affairs.

Plaintiff says that in February 2014, she asked the law librarian at the Huron Valley Women's Correctional Facility if she could have extra time in the library. The

1

United States Court of Appeals for the Sixth Circuit had affirmed the district court's denial of her petition for writ of habeas corpus, and Plaintiff needed additional time to research the deadline for filing a motion for rehearing en banc. Plaintiff also requested assistance from a legal writer: a fellow prisoner who could provide legal assistance. She requested assistance with filing a petition for writ of certiorari with the United States Supreme Court.

Plaintiff claims that Delores Kapulsinski, a fellow prisoner, was appointed to be her legal writer. Plaintiff alleges that Ms. Kapulsinski miscalculated the deadline for filing a petition for writ of certiorari with the Supreme Court. Plaintiff alleges that as a result of Ms. Kapulsinski's negligence, the Supreme Court refused to entertain her petition for writ of certiorari because it was untimely. Plaintiff further alleges that Ms. Kapulsinki gave her inaccurate information about when she learned that the Supreme Court had rejected the petition for writ of certiorari.

Plaintiff further alleges that she asked the law librarian if she could obtain a legal writer to help her draft a § 1983 lawsuit against the firm that supervised the Legal Writers Program—Peterson, Paletta, and Balese PLC—for Ms. Kapulsinki's alleged negligence. Plaintiff claims that Ms. Kapulsinski was actually assigned to assist Plaintiff with preparing her civil rights complaint. Ms. Kapulsinski was ultimately removed from the case because Peterson, Paletta, and Balese PLC asserted that there was a conflict of interest for Ms. Kapulsinski to continue to assist Plaintiff with her legal matters.

Plaintiff was assigned another legal writer, Sharon Radke, who was also later removed. A third prisoner, Carol Poole, was assigned to assist Plaintiff. Eventually, Ms. Poole informed Plaintiff that she could no longer avail herself of the Legal Writers

Program because it would be a conflict of interest while she was attempting to sue Peterson, Paletta, and Balese.

Plaintiff claims that Peterson, Paletta, and Balese and her assigned legal writers deliberately allowed the three year statute of limitations to expire on her civil rights complaint. Plaintiff also claims that all three legal writers extracted information from her under false pretenses because they all knew they were laboring under a conflict of interest. Plaintiff has filed a complaint against Peterson, Paletta, and Balese with the Michigan Attorney Grievance Commission.

In the present suit, Plaintiff has only named one defendant: Shawn S. Brewer, the warden at the Huron Valley Women's Correctional Facility.

## II. STANDARD

Plaintiff has been allowed to proceed in forma pauperis ("IFP")—without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). The court must dismiss an IFP complaint if the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(i)–(ii). "A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court considers whether the complaint "fails to state a claim on which relief may be granted" under the familiar guidelines of Rule 8. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must demonstrate more than just a possibility of wrongdoing; rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679. The court views the complaint in the light most favorable to the plaintiff, and it accepts all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). The court need not, however, "accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

Although Plaintiff does not specifically cite 42 U.S.C. § 1983 in her pleadings, the court properly construes her complaint as a civil rights action under § 1983 because she alleges a denial of her right to access the courts. *See, e.g.*, *Brown v. Mills*, 639 F.3d 733, 734 (6th Cir. 2011). To establish her claims under 42 U.S.C. § 1983, Plaintiff must prove "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### III. DISCUSSION

The complaint must be dismissed because it fails to set forth any facts establishing Defendant's involvement in the alleged violation of Plaintiff's constitutional rights.

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege the personal involvement of a defendant. *See Monell v. Dep't of Soc. Srvs.*, 436 U.S. 658,

4

691–92 (1978) (section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727–28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff does not allege Warden Brewer's involvement or even mention the warden by name in the complaint. The fact that Defendant Brewer is the warden of the Huron Women's Correctional Facility does not make the defendant liable for the alleged violations here.

A supervisory official like Defendant cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiff can demonstrate that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (quoting *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)). A plaintiff must show, at a minimum, that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Id.* (citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

Plaintiff has not alleged anything to suggest that Defendant committed any of the acts of which she complains, or otherwise acquiesced in the other parties' conduct. *See Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *see also Smith-El v. Steward*, 33 F. App'x 714, 716–17 (6th Cir. 2002) (warden and assistant warden could not be

5

held individually liable under § 1983 for subordinate's alleged violation of prisoner's First Amendment right of access to courts based on respondeat superior theory). The court is mindful of its obligation to liberally construe complaints by pro se litigants. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). But it is not required furnish additional factual allegations where none presently exist—to do so would improperly transform the court into an advocate for the plaintiff. *Thompson v. A.J. Rose Mfg. Co.*, No. 99-3728, 2000 WL 302998, at *1 (6th Cir. 2000). The court summarily denies the complaint because Plaintiff fails to state a claim upon which relief can be granted.

The court will also deny Plaintiff's motion for the appointment of counsel. Although there is a fundamental constitutional right to counsel in criminal cases, there is no constitutional right to appointed counsel in a civil case. *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). Plaintiff also does not have a statutory right to the appointment of counsel in a federal civil rights case. *See Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). Appointment of counsel is not appropriate in a civil case where a pro se litigant's claims are frivolous or without merit. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Because this court has already determined that Plaintiff's claim is without merit, it will not appoint counsel.

The court also denies Plaintiff's motion for the appointment of a guardian ad litem. Fed. R. Civ. P. 17(c)(2) provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." The court will deny the motion. The court maintains discretion to deny appointment of a guardian ad litem where—as here—a plaintiff's claims are dismissed without prejudice. *See Berry v. Daly*, No. 16-14495, 2017 WL

410339, at *2 (E.D. Mich. Jan. 30, 2017) (Leitman, J.). Because Plaintiff's claims are dismissed without prejudice for lack of merit, appointment of a guardian ad litem would add unnecessary expense and needlessly delay these proceedings.

## IV. CONCLUSION

Even construed liberally, Plaintiff's complaint fails to state a claim. Her motions for appointment of counsel and appointment for a guardian ad litem are properly denied. Accordingly,

IT IS ORDERED that Plaintiff's complaint (Dkt. #1) is DISMISSED. The contained motions for appointment of counsel and appointment of a guardian ad litem are DENIED.

                                       s/Robert H. Cleland
                                       ROBERT H. CLELAND
                                       UNITED STATES DISTRICT JUDGE

Dated: June 29, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 29, 2018, by electronic and/or ordinary mail.

                                       s/Lisa Wagner
                                       Case Manager and Deputy Clerk
                                       (810) 292-6522

Z:\Cleland\KNP\Civil\18-11880.CLARKE.Dismiss.Complaint.Deny.Counsel.Guardian.DHB.KNP.docx