**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

TINA MARIE CLARKE,

    Plaintiff,

v.                                                     Case No. 18-11880

SHAWN S. BREWER,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS**

Plaintiff Tina Marie Clarke filed document styled as a "Motion for Appointment of Counsel and Guardian Ad Litem." (Dkt. #1.) The court construed the filing as a civil rights complaint under 42 U.S.C. § 1983, and it summarily dismissed the complaint for failure to state a claim upon which relief could be granted. (Dkt. #6.) The court also denied Plaintiff's motions for appointment of counsel and a guardian ad litem. (*Id.*) Now before the court is Plaintiff's "Motion for Reconsideration for Appointment of Counsel." (Dkt. #8.) The motion will be denied.

Eastern District of Michigan Local Rule 7.1(h)(3) provides that a motion for reconsideration may be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." A motion for reconsideration that presents "the same

issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(h)(3).

Plaintiff argues that the court erred in construing her motion as a civil rights complaint and dismissing it for failure to state a claim; she did not state a claim, she says, because she was moving for the appointment of counsel, not attempting to file a complaint. (Dkt. #8.) But even if that were the case—even if Plaintiff had not filed a complaint but had filed only a motion for appointment of counsel and a guardian ad litem—the court would have been required to dismiss the motion. The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Before a complaint is filed, no action has "commenced," and the court lacks subject matter jurisdiction to grant relief. *See, e.g.*, *Gardner v. McQueen*, No. 16-13790, 2017 WL 131553, at *2 (E.D. Mich. Jan. 13, 2017) (Roberts, J.). The court gave Plaintiff the benefit of the doubt by construing her filing as a civil rights complaint and considering whether its allegations stated a claim. If it had not done so, it could not have reached the merits of her motions for appointment of counsel and a guardian ad litem.

Plaintiff also argues that the court committed error in declining to appoint counsel. She says that she needs counsel in order to prepare her 42 U.S.C. § 1983 complaint because she presently lacks the mental capacity to do so.

As the court has already noted, there is no constitutional right to appointed counsel in a civil case—and appointment is not appropriate where a pro se litigant's claims are without merit. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Here, Plaintiff has not presented the court with any facts suggesting that she has

a colorable claim under § 1983 supporting the appointment of counsel. Indeed, Plaintiff raises no new arguments—and presents no new facts—that were not before the court when it denied her motion for appointment of counsel in the first instance.

Because Plaintiff presents only issues that were already ruled upon by the court, either expressly or by reasonable implication, the motion for reconsideration will be denied. *See Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

Also before the court is an application to proceed without prepaying fees or costs (Dkt. #9), which will be denied as moot. Plaintiff applied to proceed without prepayment when she filed this action. (Dkt. #2.) The application was granted, and the court ordered Plaintiff to make certain payments until the amount of the filing fee was satisfied. (Dkt. #5.) There being no need for Plaintiff to reapply, her application is moot. Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration for Appointment of Counsel (Dkt. #8) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Application to Proceed Without Prepaying Fees or Costs (Dkt. #9) is DENIED AS MOOT.

                                     s/Robert H. Cleland           /
                                     ROBERT H. CLELAND
                                     UNITED STATES DISTRICT JUDGE

Dated: August 9, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 9, 2018, by electronic and/or ordinary mail.

                                     s/Lisa Wagner              /
                                     Case Manager and Deputy Clerk
                                     (810) 292-6522

Z:\Cleland\KNP\Civil\18-11880.CLARKE.Deny.Reconsideration.DHB.KNP.docx